IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARAH OUTZEN,<br><br>        Plaintiff<br><br>vs.<br><br>CLINTON COUNTY SOLID WASTE AUTHORITY and WAYNE TOWNSHIP LANDFILL,<br><br>        Defendants | No. 4:25-cv-00655-JSF |

### DEFENDANT CLINTON COUNTY SOLID WASTE AUTHORITY'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES, Defendant Clinton County Solid Waste Authority, by and through its attorney, Dean Falavolito, Esquire, and hereby files its Answer.

1.  Admitted based on information and belief.

2.  Admitted.

3.  Admitted.

4.  No response required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 4 of the Complaint.

5.  The allegations in Paragraph 5 contain conclusions of law to which no response is necessary. To the extent the allegations of this paragraph seek to characterize Plaintiff's Complaint, the pleading is a document that speaks for itself and any characterizations that are contrary thereto are denied. By way of further response, Defendant Employers deny that they violated the Disabilities Act ("ADA"), 42 U.S.C. §§12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§2601 et seq, or otherwise acted unlawfully towards Plaintiff. Defendant Employers also deny that Plaintiff is entitled to any damages in this matter.

6. The allegations in Paragraph 6 contain legal conclusions to which no response is necessary. To the extent any factual allegations remain deemed to require a response, they are denied. By way of further response, it is admitted only that Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). The Charge is a document that speaks for itself and any characterizations that are contrary thereto are denied. It is also admitted, upon information and belief, that the EEOC issued a Notice of Right to Sue (the "Notice"). The Notice is a document that speaks for itself and any characterizations that are contrary thereto are denied.

7. The allegations in Paragraph 7 contain legal conclusions to which no response is necessary. To the extent any factual allegations remain deemed to require a response, they are denied. By way of further response, it is admitted only that Plaintiff filed her claim with the Pennsylvania Human Relations Commission ("PHRC"). The Charge is a document that speaks for itself and any characterizations that are contrary thereto are denied.

8. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore deny the same.

9. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore deny the same. Defendant Employers reserve the right to respond if Plaintiff Amends her Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent any factual allegations remain deemed to require a response, they are denied. Defendant Employers do not contest this Court's jurisdiction at this time.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers admit that they do business

in the Middle District of Pennsylvania but deny any factual allegations contained in Paragraph 11 of the Complaint that allege it violated the ADA, FMLA, or any other law.

13. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 12 of the Complaint. Defendant Employers do not contest that venue is proper at this time.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 16 of the Complaint. By way of further response, Defendant Employers deny having knowledge that Plaintiff had a disability as alleged in Paragraph 16 of the Complaint.

17. Admitted.

18. Admitted.

19. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 19 of the Complaint and therefore, deny them.

20. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 20 of the Complaint and therefore, deny them.

21. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 21 of the Complaint and therefore, deny them.

22. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 22 of the Complaint and therefore, deny them.

23. The allegations contained in Paragraph 23 of the Complaint are denied as stated. On or about December 21, 2024 an employee heard noises coming from the IT/storage room. Shortly thereafter, Plaintiff's husband and Plaintiff's supervisor exited the room. Defendant Employers immediately began to investigate the incident and determine appropriate disciplinary actions.

24. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 24 of the Complaint and therefore, deny them.

25. Defendant Employers lack sufficient information and/or knowledge to answer the allegations contained in Paragraph 25 of the Complaint and therefore, deny them.

26. Denied. On January 1, 2024, Plaintiff texted five of Defendant Employers' employees in a group chat informing them that she would not be back to work and that she "quit today." Plaintiff also texted another employee separately on the same date stating that she "quit today because my husband is fucking Marci."

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 32 of the Complaint. By way of further response, Plaintiff clearly communicated to multiple people in at least three different text messages that the reason why she quit was because her husband was having an affair. Plaintiff did not mention her mental state and/or diagnosis as the reason for quitting.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendant Employers admit the allegations in Paragraph 34 of the Complaint based on information and belief. By way of further response, Plaintiff requested if she could receive her vacation pay, which Defendant Employers obliged.

35. Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant Employers deny the allegations contained in Paragraph 42 of the Complaint.

43. Denied. By way of further response, Plaintiff was aware of Employer Defendants' FMLA policies and procedures as she previously took FMLA leave on or about 2022. Further, Defendant Employers were unaware of Plaintiff's alleged disability.

44. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore deny the same.

45. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore deny the same.

46. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore deny the same. By way of further response, Plaintiff texted at least six of Defendant Employers' employees on January 1, 2025 stating that she quit because her husband was having an affair. Notably, Plaintiff sent these text messages on a holiday, when Defendant Employers were closed for business, the same date that Plaintiff alleges her husband admitted to having an affair.

47. The allegations of Paragraph 47 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

48. The allegations of Paragraph 48 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

49. The allegations of Paragraph 49 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

50. The allegations of Paragraph 50 of the Complaint are admitted based on information and belief.

51. The allegations of Paragraph 51 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

52. The allegations of Paragraph 52 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

53. The allegations of Paragraph 53 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

54. The allegations of Paragraph 54 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

55. The allegations of Paragraph 55 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

56. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 56 of the Complaint, and therefore deny the same.

57. Denied.

58. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore deny the same.

59. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 59 of the Complaint, and therefore deny the same.

60. The allegations of Paragraph 60 of the Complaint refer to a written document which speaks for itself, any mischaracterization is denied.

61.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 61 of the Complaint, and therefore deny the same.

62.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 62 of the Complaint, and therefore deny the same.

63.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 63 of the Complaint, and therefore deny the same.

64.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 64 of the Complaint, and therefore deny the same.

65.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore deny the same.

66.     The allegations of Paragraph 66 are denied, and strict proof thereof is demanded at the time of trial, if relevant.

67.     The allegations of Paragraph 67 are denied, and strict proof thereof is demanded at the time of trial, if relevant.

68.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 68 of the Complaint, and therefore deny the same.

69.     Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 69 of the Complaint, and therefore deny the same.

70.     The allegations of Paragraph 70 of the Complaint are denied as stated. Defendant Employers did not mention the ADA or FMLA to Plaintiff as she had already quit and therefore she was no longer an employee. Further, she was aware of Defendant Employers' FMLA policy and procedures as she previously utilized the same in 2022.

71. The allegations contained in Paragraph 71 of the Complaint are denied as stated. Defendant Employers did not contact Plaintiff because she had already quit and therefore she was no longer an employee.

72. Defendant Employers lack knowledge sufficient to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore deny the same. The allegations contained in Paragraph 72 of the Complaint are further denied as conclusions of law.

73. The allegations contained in Paragraph 73 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

74. The allegations contained in Paragraph 74 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

75. The allegations contained in Paragraph 75 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

76. The allegations contained in Paragraph 76 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

77. The allegations contained in Paragraph 77 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

78.     The allegations contained in Paragraph 78 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

79.     The allegations contained in Paragraph 79 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

COUNT I
AMERICANS WITH DISABILITIES ACT
OUTZEN V. ALL DEFENDANTS

80.     No response required.

81.     The allegations contained in Paragraph 81 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

82.     The allegations contained in Paragraph 82 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same. By way of further response, Defendant Employers deny that they violated the ADA, FMLA, or any other law.

WHEREFORE, Defendant Employers requested that the Complaint be dismissed and that they be awarded all available costs and fees.

COUNT II
FMLA
OUTZEN V. ALL DEFENDANTS

83.     No response required.

84.     The allegations contained in Paragraph 84 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

85.     The allegations contained in Paragraph 85 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same.

86.     The allegations contained in Paragraph 86 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same. By way of further response, Plaintiff was aware of her rights under FMLA as she previously took FMLA leave in 2022.

87.     The allegations contained in Paragraph 87 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same. By way of further response, Defendant Employers deny that they violated the ADA, FMLA, or any other law. Further, Plaintiff was aware of her rights under FMLA as she previously took FMLA leave in 2022.

88.     The allegations contained in Paragraph 88 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant Employers deny the same. By way of further response, Defendant Employers deny that they violated the ADA, FMLA, or any other law.

WHEREFORE, Defendant Employers request that the Complaint be dismissed and that it be awarded all available costs and fees.

## **AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses, but do not accept the burden of proof except as required by applicable law.

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Defendant Employers did not discriminate against Plaintiff in violation of any law.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence, laches and/or unclean hands.

4. Defendant Employers did not violate the ADA, FMLA, or any statute or common law, or act in any unlawful way towards Plaintiff.

5. Defendant Employers did not violate any right of Plaintiff.

6. Plaintiff's claims are barred because of Plaintiff's failure to mitigate any alleged damages, if any.

7. Plaintiff is not entitled to any relief for any period she has been unwilling to work.

8. Defendant Employers are entitled to a setoff or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's interim earnings, benefits, or other compensation and/or in an amount Plaintiff could have earned with reasonable effort.

9. If Plaintiff suffered any damages or losses, such were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.

10. Plaintiff failed to take advantage of any preventive or corrective opportunities or otherwise to avoid harm.

11. Plaintiff's claims against Defendant Employers are barred because any actions taken by it were for legitimate business reasons.

12. Defendant Employers' decisions, actions, and omissions about which Plaintiff complaints were taken for legitimate, non-discriminatory reasons.

13. Plaintiff cessation of employment was justified by good cause.

14. Defendant Employers engaged in good faith efforts to comply with the ADA, the FMLA, and all applicable federal, state, and local laws that prohibit employment discrimination and retaliation.

15. Defendant Employers acted, at all times, in good faith.

16. Plaintiff's claims are barred by the applicable statute of limitations.

17. At all times relevant hereto, Plaintiff was an at-will employee.

18. Defendant Employers have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right to amend or assert additional defenses which may become known during the course of discovery or revealed during pretrial proceedings. This reservation of rights includes, but is not limited to, any additional affirmative defenses that may be necessary should Plaintiff add additional claims to his Amended Complaint.

WHEREFORE, Defendants, Clinton County Solid Waste Authority and Wayne Township Landfill, respectfully request judgment in their favor and against the Plaintiff, Sarah Outzen, with prejudice, together with all compensatory damages, attorney's fees, and all other relief as the Court shall deem just and proper.

Respectfully Submitted,

Date: June 10, 2025

Dean F. Falavolito, Esquire
PA I.D. No. 92844
O'HAGAN MEYER
102 Broadway Street, Suite 200
Carnegie, PA 15106
(412) 790-3020
dfalavolito@ohaganmeyer.com

## CERTIFICATE OF SERVICE

I, Dean F. Falavolito, hereby certify that a true and correct copy of the forgoing Defendant Clinton County Solid Waste Authority Answer to Plaintiff's Complaint has been filed electronically and is available for review and retrieval on the court system's website by counsel of records.

*/s/ Dean F. Falavolito*
Dean F. Falavolito, Esquire

Dated: June 10, 2025